United States Bankruptcy Court
Eastern District of Michigan
Southern Division

In re:
James Richard Cote,                                    Case No. 05-81463-R
        Debtor.                              Chapter 7
_____/
The Art Cloister, LLC,
        Plaintiff,

v.                                                     Adv. P. 06-4499

James Richard Cote,
        Defendant.
_____/

**Opinion Regarding Cross-Motions for Summary Judgment**

The debtor, James Cote, is the sole owner, director and officer of The Art of Living Well, dba, The Avenue Gallery. The plaintiff, The Art Cloister, LLC, and The Avenue Gallery entered into a consignment agreement under which Art Cloister would supply art on consignment to Avenue Gallery, which would display and attempt to sell the art. The agreement provided that once the works of art were sold, the sales revenues would be used to pay Art Cloister 50% of the sales price for each piece.

Cote testified at his deposition that Avenue Gallery sold some of the art that it had on consignment without paying Art Cloister under the terms of the agreement. Rather, the proceeds were used to pay other debts and obligations of Avenue Gallery. Art Cloister filed this adversary proceeding complaint against Cote asserting that Cote is personally liable for the debt owed to Art Cloister and that the debt is non-dischargeable pursuant to § 523(a)(2), (a)(4) or (a)(6).

The parties filed cross motions for summary judgment. On September 18, 2006, the Court

heard oral argument on the motions and took the matter under advisement.

I.

The bankruptcy code provides:

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt . . . (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A).

> In order to except a debt from discharge under § 523(a)(2)(A), a creditor must prove the following elements: (1) the debtor obtained money through a material misrepresentation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; (2) the debtor intended to deceive the creditor; (3) the creditor justifiably relied on the false representation; and (4) its reliance was the proximate cause of loss.

*In re Crim*, 149 Fed. Appx. 427 (6th Cir. 2005) (*citing Rembert v. AT & T Universal Card Servs., Inc.* (*In re Rembert*), 141 F.3d 277, 280-281 (6th Cir.1998)).

Neither the complaint nor Art Cloister's motion for summary judgment assert that the debt owed to it arose due to a material misrepresentation or actual fraud. Rather, the complaint and motion for summary judgment both assert that Avenue Gallery obtained the artwork due to a consignment agreement and that Art Cloister was not paid according to the terms of the agreement. The elements of § 523(a)(2) have not been pled or established. Accordingly, summary judgment for the defendant is granted on the § 523(a)(2) count and that count is dismissed.

2

II.

Section 523(a)(4) provides, "(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt- . . . (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.] 11 U.S.C. § 523(a)(4).

> Case law in the Sixth Circuit uniformly recognizes a distinction between a common law fiduciary relationship, and the "fiduciary capacity" within which a debtor must be acting for a fraud or defalcation to be excepted from discharge under 11 U.S.C. § 523(a)(4). "The term 'fiduciary' applies only to express or technical trusts and does not extend to implied trusts which are imposed on transactions by operation of law as a matter of equity." *Pauley*, 205 B.R. at 513, *quoting Johnson*, 691 F.2d at 251-252; *In re Brady*, 101 F.3d 1165, 1173 (6th Cir. 1996). The definition of a fiduciary under § 523(a)(4) is narrower than the traditional definition, and requires the existence of technical or express trusts. *Johnson*, 691 F.2d at 249; *In re Bachman*, 203 B.R. 637, 639 (Bankr. S.D. Ohio 1996); *Highland v. Hix* (*In re Hix*), 161 B.R. 401, 404 (Bankr. N.D. Ohio 1993).

*PaineWebber Inc. v. Magisano* (*In re Magisano*), 228 B.R. 187 (Bankr. S.D. Ohio 1998).

Paragraph 6 of the parties' agreement states, "The Gallery shall hold the proceeds from sale of the consigned works in trust for the benefit of the Dealer." Clearly, this provision establishes a trust agreement between The Gallery and Art Cloister. Moreover, it is clear that Cote is the agent for the Gallery and is responsible to carry out the trust agreement between The Gallery and Art Cloister. It is well-established law in Michigan that a corporate employee or official, even when acting on behalf of the corporation, is liable for his or her own tortious or criminal acts. *Joy Mgmt. Corp. v. Detroit*, 183 Mich. App. 334, 340 (1990). Cote's failure to turn over the proceeds of the sales of the consigned art was a violation of his fiduciary duty to Art Cloister. Accordingly, his debt to Art Cloister is a debt for a defalcation while acting in a fiduciary capacity and is nondischargeable

3

under § 523(a)(4). Summary judgment for the plaintiff, Art Cloister, is granted in part.

III.

Section 523(a)(6) provides, "(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt- . . . (6) for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

> The Supreme Court has held that only acts done with intent to cause injury, and not merely acts done intentionally, rise to the level of willful and malicious injury for the purposes of satisfying section 523(a)(6). *Kawaauhau v. Geiger*, 523 U.S. 57, 57-58, 118 S. Ct. 974, 975, 140 L. Ed.2d 90 (1998) (hereafter cited as " Geiger"). In *Markowitz v. Campbell* (*In re Markowitz*), 190 F.3d 455 (6th Cir. 1999), the Sixth Circuit expanded the definition of "willfulness" to include the debtor's subjective belief that the injury is "substantially certain to result" from his actions. *Id.* at 464. A person acts maliciously when that person acts in conscious disregard of his or her duties or without just cause or excuse. *See Heyne v. Heyne* (*In re Heyne*), 277 B.R. 364, 368 (Bankr. N.D. Ohio 2002) (*citing Murray v. Wilcox* (*In re Wilcox*), 229 B.R. 411, 419 (Bankr. N.D. Ohio 1998)).

*In re Sexton*, 342 B.R. 522, 529-30 (Bankr. N.D. Ohio 2006).

Cote's verified declaration denies any intent to injure Art Cloister. He states that Avenue Gallery used the cash from sales of consigned art to pay its bills and that Art Gallery simply got behind in paying Art Cloister. Cote asserts that neither he nor Art Gallery had any intent to injure Art Cloister.

The pleadings submitted with the motions for summary judgment reveal that there are genuine issues of material fact regarding Cote's intent. Accordingly, it would ordinarily be

4

appropriate to deny summary judgment to both parties regarding the § 523(a)(6) count. However, in light to the result herein on the § 523(a)(4) claim, the Court concludes that it would be duplicative to resolve this claim in the complaint. Therefore, it will be dismissed without prejudice to the plaintiff's right to reinstate it by filing a notice of reinstatement with 14 days.

IV.

Art Cloister requests treble damages based on M.C.L.A. § 600.219a. Issues of material fact exist with regards to damages and whether the plaintiff is entitled to this relief. Accordingly, summary judgment is denied as to damages and a trial will be held on this issue.

Not for Publication

**Signed on November 17, 2006**

          **/s/ Steven Rhodes**
    **Steven Rhodes**
    **Chief Bankruptcy Judge**